IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 24 2008

GREGORY C. LANGHAM
CLERK

Civil Action No. 08-cv-01395-BNB

TODD BRIAN SHARON,

    Plaintiff,

v.

ADAMS COUNTY SHERIFFS OFFICE, et al., SHERIFF DOUG DARR,
CAPTAIN JAMES WILBURN,
LT. T. J. COATES,
TECHNICAL SERVICES MANAGER MELANIE GREGORY,
PROGRAMS COORDINATOR STERITT FULLER,
MAIL ROOM SUPERVISOR ELAINE ("E.M.") RIEDL,
MAIL ROOM TECHNICIAN D. LINDER,
PRISON HEALTH SERVICES, INC., MEDICAL COORDINATOR DIANNE (last name
    unknown),
PRISON HEALTH SERVICES, INC., CHIEF MEDICAL PHYSICIAN DR. IVOR
    GARLICK, and
PRISON HEALTH SERVICES, INC., HEAD MEDICAL ADMINISTRATOR LAURA S.
    (uncertain last name spelling),

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Todd Brian Sharon, is incarcerated at the Adams County Detention Facility in Brighton, Colorado. Mr. Sharon has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983. The court must construe the complaint liberally because Mr. Sharon is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Sharon will be ordered to file an amended complaint.

The court has reviewed Mr. Sharon's complaint and finds that the complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See **Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See **TV Communications Network, Inc. v. ESPN, Inc.**, 767 F. Supp. 1062, 1069 (D. Colo. 1991), **aff'd**, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Sharon fails to set forth a short and plain statement of his claims showing that he is entitled to relief. For example, it is not clear against which Defendant or Defendants Mr. Sharon is asserting his first claim for relief. It also is not clear what right Mr. Sharon believes has been violated in connection with his second claim for relief. Furthermore, portions of the complaint are rambling and prolix. For example, Mr. Sharon includes factual allegations regarding individuals who are not named

Defendants that are unrelated to the claims he is asserting against the named Defendants. Mr. Sharon also attaches to the complaint 103 pages of exhibits that do not assist the court in determining what claims are being asserted and against which Defendant or Defendants those claims are being asserted.

Therefore, Mr. Sharon will be directed to file an amended complaint. Mr. Sharon is advised that, in order to state a claim in federal court, his amended "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007). Furthermore, personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Sharon must show that each Defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983). Accordingly, it is

ORDERED that Mr. Sharon file **within thirty (30) days from the date of this order** an original and sufficient copies of an amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Sharon, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Sharon fails to file an original and sufficient copies of an amended complaint that complies with this order to the court's satisfaction within the time allowed, the action will be dismissed without further notice.

DATED July 24, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01395-BNB

Todd Brian Sharon
Prisoner No. 08-4549
Adams County Detention Center
PO Box 5001
Brighton, CO 80601

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on 7/24/08

                                             GREGORY C. LANGHAM, CLERK

                                     By: _____
                                                     Deputy Clerk