IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01395-BNB

TODD BRIAN SHARON,

    Plaintiff,

v.

ADAMS COUNTY SHERIFFS OFFICE, et al., SHERIFF DOUG DARR,
UNDERSHERIFF SISKA,
ACTING CAPTAIN LT. TWEEDEN, (Acting Captain Replacing James Wilburn),
LT. T. J. COATES,
LT. NICASTLE,
TECHNICAL SERVICES MANAGER (T.S.M.) MELANIE GREGORY,
PROGRAMS COORDINATOR STERITT FULLER,
SGT. HEINREICHS (unsure last name spelling),
SGT. MILLER (Senior),
CLASSIFICATION SERVICES SUPERVISOR (C.S.S.) BAMBI K. MARTINEZ,
MAIL ROOM SUPERVISOR ELAINE ("E.M.") RIEDL,
MAIL ROOM TECHNICIAN DEBBIE LINDER,
PRISON HEALTH SERVICES, INC., ("P.H.S.") HEAD ADMINISTRATOR LAURA
    SCHEUFELE,
PRISON HEALTH SERVICES, INC., ("P.H.S.") CHIEF MEDICAL PHYSICIAN DR.
    IVOR GARLICK,
PRISON HEALTH SERVICES, INC., ("P.H.S.") NURSING SUPERVISOR DIANNE
    SCHISSLER,
ARAMARK FOOD SERVICE CORP. FOOD SERVICE DIRECTOR ("F.S.D.") FRED
    DEMENT,
ARAMARK FOOD SERVICE CORP. ASSISTANT FOOD SERVICE DIRECTOR PEG
    O. (last name unknown),
ADAMS COUNTY SHERIFFS OFFICE DEPUTY NAYLOR, and
ADAMS COUNTY SHERIFFS OFFICE DEPUTY SPENCE,

    Defendants.

---

## ORDER OF DISMISSAL

---

Plaintiff Todd Brian Sharon is incarcerated at the Adams County Detention Facility in Brighton, Colorado. Mr. Sharon initiated this action by filing *pro se* a Prisoner

Complaint pursuant to 42 U.S.C. § 1983 claiming that his rights under the United States Constitution have been violated. On July 24, 2008, Magistrate Judge Boyd N. Boland ordered Mr. Sharon to file an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On September 9, 2008, Mr. Sharon filed an amended complaint.

The Court must construe the amended complaint liberally because Mr. Sharon is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the amended complaint is held to standards less stringent than those governing a formal pleading drafted by lawyers. **See id.** However, the Court should not be an advocate for a *pro se* litigant. **See Hall**, 935 F.2d at 1110.

The Court has reviewed Mr. Sharon's amended complaint and finds that the amended complaint still fails to comply with the pleading requirements of Rule 8. The twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. **See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. **See TV Communications Network, Inc. v. ESPN, Inc.**, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim

showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Sharon fails in his amended complaint, which is 159 pages long, to set forth a short and plain statement of his five claims showing that he is entitled to relief in this action. Despite the significant bulk of the amended complaint, Mr. Sharon fails to state, clearly and concisely, how the named Defendants allegedly have violated his constitutional rights. Instead, for each claim, Mr. Sharon provides a vague and conclusory description of the claim followed by a number of pages describing the numerous attached exhibits that allegedly support that claim. Rather than simply stating how his rights allegedly have been violated and by whom, Mr. Sharon apparently expects the Court to sift through the numerous attached exhibits in order to discern that information. That is not the Court's responsibility.

Magistrate Judge Boland specifically advised Mr. Sharon that, in order "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007). Magistrate Judge Boland also advised Mr. Sharon that he must allege how each named Defendant personally participated in the asserted constitutional violations. Despite these specific instructions, Mr. Sharon has failed to file an amended complaint that complies with the

3

pleading requirements of Rule 8. Therefore, the action will be dismissed for failure to comply with the pleading requirements of Rule 8. Accordingly, it is

ORDERED that the complaint, the amended complaint, and the action are dismissed without prejudice for failure to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

DATED at Denver, Colorado, this 17 day of Sept., 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01395-BNB

Todd Brian Sharon
Prisoner No. 08-4549
Prisoner No. 81359
Adams County Detention Center
PO Box 5001
Brighton, CO 80601

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9/18/08

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk