IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01395-ZLW

TODD BRIAN SHARON,

Plaintiff,

v.

ADAMS COUNTY SHERIFFS OFFICE, et al., SHERIFF DOUG DARR,
UNDERSHERIFF SISKA,
ACTING CAPTAIN LT. TWEEDEN, (Acting Captain Replacing James Wilburn),
LT. T. J. COATES,
LT. NICASTLE,
TECHNICAL SERVICES MANAGER (T.S.M.) MELANIE GREGORY,
PROGRAMS COORDINATOR STERITT FULLER,
SGT. HEINREICHS (unsure last name spelling),
SGT. MILLER (Senior),
CLASSIFICATION SERVICES SUPERVISOR (C.S.S.) BAMBI K. MARTINEZ,
MAIL ROOM SUPERVISOR ELAINE ("E.M.") RIEDL,
MAIL ROOM TECHNICIAN DEBBIE LINDER,
PRISON HEALTH SERVICES, INC., ("P.H.S.") HEAD ADMINISTRATOR LAURA
    SCHEUFELE,
PRISON HEALTH SERVICES, INC., ("P.H.S.") CHIEF MEDICAL PHYSICIAN DR.
    IVOR GARLICK,
PRISON HEALTH SERVICES, INC., ("P.H.S.") NURSING SUPERVISOR DIANNE
    SCHISSLER,
ARAMARK FOOD SERVICE CORP. FOOD SERVICE DIRECTOR ("F.S.D.") FRED
    DEMENT,
ARAMARK FOOD SERVICE CORP. ASSISTANT FOOD SERVICE DIRECTOR PEG
    O. (last name unknown),
ADAMS COUNTY SHERIFFS OFFICE DEPUTY NAYLOR, and
ADAMS COUNTY SHERIFFS OFFICE DEPUTY SPENCE,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 02 2008

GREGORY C. LANGHAM
CLERK

---

ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff Todd Brian Sharon has filed *pro se* on September 25, 2008, a "Motion

for Reconsideration of Orders Entered September 18, 2008," and a "Motion for Court-

Appointed Counsel." Mr. Sharon asks the Court to reconsider and vacate the Court's Order of Dismissal and the Judgment filed in this action on September 18, 2008, and to appoint counsel to represent him in this action. The Court must construe the motions to reconsider and for appointment of counsel liberally because Mr. Sharon is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motions will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). The Judgment in this action was filed on September 18, 2008. Mr. Sharon filed the motion to reconsider within ten days after the Judgment was entered. Therefore, the Court will consider the motion to reconsider pursuant to Rule 59(e). *See Van Skiver*, 952 F.2d at 1243.

The Court dismissed the instant action without prejudice for failure to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The Court determined that Mr. Sharon's amended complaint, which was filed in response to an order directing him to file an amended complaint that complies with the pleading requirements of Rule 8, still failed to meet the minimum pleading requirements. In particular, the Court determined that Mr. Sharon failed to provide a short and plain statement of his claims showing that he is entitled to relief.

2

Mr. Sharon argues in his motion to reconsider that he lacks the necessary education and skills to act effectively as his own advocate, that he lacks access to a law library, and that his life is in danger. As noted above, Mr. Sharon also has filed a motion asking the Court to appoint counsel to represent him and he raises similar arguments in that motion.

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. **See Servants of the Paraclete v. Does**, 204 F.3d 1005, 1012 (10th Cir. 2000). Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Sharon fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action.

Mr. Sharon does not allege the existence of any new law or evidence and he fails to convince the Court of the need to correct clear error or prevent manifest injustice. Most importantly, Mr. Sharon does not argue that the amended complaint he filed in this action actually satisfies the pleading requirements of Rule 8. The Court is not persuaded that Mr. Sharon lacks the ability to present the factual basis for his claims to the Court in a clear and concise manner, which is all that Rule 8 requires. Furthermore, it is not clear why Mr. Sharon believes he needs access to a law library in order to present the factual basis for his claims to the Court in a clear and concise manner. Mr. Sharon was given specific instructions regarding the requirements of Rule 8 in the order directing him to file an amended complaint. Finally, Mr. Sharon's vague and conclusory allegation that his life is in danger does not convince the Court that

reconsideration is appropriate in this action. Therefore, the motion to reconsider will be denied.

The Court next will address the motion for appointment of counsel. The factors to be considered in deciding whether to appoint counsel include the merits of the claims, the nature of the factual issues raised, the plaintiff's ability to present his claims, and the complexity of the legal issues being raised. *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). As a result, the Court cannot determine whether to appoint counsel without considering to some extent the nature of the claims being asserted. However, Mr. Sharon has failed to provide a short and plain statement of his claims to the Court that would allow such consideration. Furthermore, as noted above, the Court is not persuaded that Mr. Sharon is incapable of presenting the factual basis for his claims to the Court in a manner that complies with Rule 8. Therefore, the motion for appointment of counsel also will be denied. Accordingly, it is

ORDERED that the "Motion for Reconsideration of Orders Entered September 18, 2008," and the "Motion for Court-Appointed Counsel" filed on September 25, 2008, are denied.

DATED at Denver, Colorado, this __1__ day of __Oct.__, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01395-BNB

Todd Brian Sharon
Prisoner No. 08-4549
Prisoner No. 81359
Adams County Detention Center
PO Box 5001
Brighton, CO 80601

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 12/3/08

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk